[Civ. No. 7056. Second Appellate District, Division One.—February 2, 1932.]

L. B. HARLAND, Respondent, v. JOHN W. MITCHELL, Appellant.

Cooper & Collings for Appellant.

Kirtland I. Perky and Ralph W. Eckhardt for Respondent.

HOUSER, J.—Defendant appeals from a judgment rendered against him for the sum of $15,000—that being the amount of a verdict returned by a jury in an action brought by plaintiff against defendant for the alleged alienation from plaintiff by defendant of the affections of the wife of the plaintiff.

It is urged by defendant that the evidence was insufficient to support the judgment. Since it is manifest that each of the litigants is thoroughly familiar with all of the details of the evidence as adduced on the hearing of the action, and since a review herein of such evidence would be of no benefit to any other person, it suffices to state that in the opinion of this court the objection by appellant as to the sufficiency of the evidence to support the judgment is untenable.

Appellant also contends that the action was barred by the provisions of both sections 339 and 340 of the Code of Civil Procedure. The undisputed evidence showed that the action was commenced within a period of less than one year following the final separation of the husband and the wife. It becomes clear that the provisions of neither of the statutes upon which defendant relies have application to the facts of the case.

Appellant makes further complaint that the court erred in admitting in evidence a certain unsigned letter which it was claimed was written by defendant to the wife of plaintiff. In that connection it appeared that the defendant left the letter with a third person with instructions to deliver it to the wife of plaintiff. Instead of following such instructions, said third person gave the letter to plaintiff, who thereafter secured from defendant an admission that he had written 'it. On the witness-stand, although not directly admitting that he wrote the letter, defendant would not deny its authorship; to the contrary, he repeatedly stated that the handwriting in the letter looked like his own and that he "might" have written it. In such circumstances, it is apparent that no error was committed by the trial court in admitting the letter in evidence.

■ It is further urged by appellant that the verdict returned by the jury was excessive in amount. But since it is not so great "as to shock the sense of justice and raise at once a presumption that it is the result of passion, prejudice, or corruption, rather than honest and sober judgment", this court has no power to set aside the judgment because, perchance, in the opinion of the members of this court, the evidence considered, the verdict was greater than it should have been. (8 Cal. Jur. 834, and authorities there cited.)

No other point for reversal of the judgment is seriously presented by appellant.

The judgment is affirmed. The appeal from the order denying motion for a new trial is dismissed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1932.